ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*

No. 1424.   Opinion Filed May 14, 1912.

(124 Pac. 56.)

**CARRIERS—Regulation—Orders of Corporation Commission—Construction.** Rule 6 of Order 168, imposed by the Corporation Commission, applies only to intrastate shipments. ·

(a) A fine on account of interstate shipments cannot be imposed under said rule upon a carrier.

(Syllabus by the Court.)

*Appeal from Order of Corporation Commission.*

Appeal by the Atchison, Topeka & Santa Fe Railway Company from an order of the Corporation Commission in proceedings

commenced by J. F. McFadden. Reversed and remanded, with instructions.

*Cottingham & Bledsoe,* for appellant.

*Charles West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for appellees.

WILLIAMS, J. This is an appeal from the order of the Corporation Commission, imposing a fine of $100 upon the appellant for failure to move an interstate shipment, as required by rule 6 of Order No. 168 of said Commission.

The Attorney General has filed the following statement in this case:

"The suggestion is made that rule 6 of Order No. 168 of the Corporation Commission contains provisions which are invalid, when applied to an interstate shipment, and that said rule is not separable, so that the valid portions, when applied to an interstate shipment, may be upheld. Rule 6 of Order No. 168 reads as follows: 'It shall be the duty of carriers to begin the forward movement of freight toward its destination within twenty-four hours (24) after the bill of lading is signed, and, after the movement thus commences, such freight shall be carried toward its destination at a rate of not less than fifty (50) miles per day covering the whole period any carrier controls the same and at junction and divisional points, twelve (12) hours additional time shall be granted; except that, in movement of perishable freight and live stock in less than ten car lots, minimum rate shall be one hundred (100) miles per day and six (6) hours additional time at junction and divisional points. Provided that agents shall advise shippers of live stock in car loads the time of arrival of the train on which same are to be moved and loading of such live stock shall be completed one (1) hour before the arrival of such train and on shipments of ten or more cars of live stock the minimum rate of movement per day shall be two hundred (200) miles, with no additional time at junction or divisional points.'

"We do not mean to concede that any portion of said rule is not a proper regulation by the Corporation Commission of railroads in the state; but the court's attention is called to the following language used in the said order: 'And after the movement thus commences, such freight shall be carried toward its destination at a rate of not less than fifty (50) miles per day *covering the whole period any carrier controls the same.* * * *'

"For the reason that the state would have no control over the shipment beyond the limits of the state, and for the reason that the order requires a certain rate of speed during the whole period any carrier controls the same, we think this indicates the intention of the Commission that such order should apply only to intrastate shipments. It would not be presumed that the Commission would undertake to exercise an unconstitutional power to make its orders effective beyond the limits of the state, and the words used indicate the order is intended to apply only to intrastate shipments."

We agree with the Attorney General that rule 6 of Order No. 168, under which the order of the Commission imposing the fine in this case was made, does not apply to interstate shipments, and cannot be made the basis of sustaining the fine imposed.

It follows that the order of the Commission is reversed, and this cause is remanded, with instructions to set aside the order and dismiss the proceeding.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.